United States District Court
Northern District of Iowa

RECEIVED
MAR 23 2026
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA

United States

v.                                    Case No 23-CR-10

Justin Eugen Dowie

## Motion for Compassionate Release / Reduction
### Pursuant to §1B1.13 and §3582(c)(1)(c)(2)

Comes now, Justin Eugene Dowie, (here after "Justin"), In person and by way of pro-se, to Respectfully move this Court to Reduce his Term of Imprisonment In light of Changes In the Circumstances that would warrant a Losser sentence today. He States In support;

### I. Pertenent History

July 20th 2023 this Court Imposed a Sentence/plea and faced a Term of Zero to thirty years Imprisonment on Count (1) and Zero to Ten years on Count (2). As a Result Justin's Count (2), a §922 Conviction was for the possession of ammunition which gives a (+2) level upward departure in his Count (1). His total Term of Imprisonment In the District Court was (60) Months as an aggregate total. Today he has Served (3) Actual Years of the (5) imposed.

Justin is Not a violent offender as is Required today to Sustain $922(g)'s ipward Departures or Convictions Since Ruling's Such as "Rahimi" and "Bruen" in the Courts and his Sentence would be Lesser today. He Seeks a (12) month (1) year Reduction or to Time Served.

II. Standards of $3582 Relief. and Case Authorities.

"Bruen" and "Rahimi" evaluated the "Knowing" aspects and whether or not a Defendant was a "Violent" felon or "Dangerous" persons who Possess the Firearms or ammunition under $922. Today Its a Requirement, that a person is Simply a Convicted felon Is not enough. In united States v Eric williams, 113 F 4th 637, the Court Denied him relief because the "defendants Criminal Record Showed that he was Dangerous." The "Rahimi" Courts Ruling, 602 us 680, stated that the "Statutes Consistent with Dis-Arming was Consistent with founding Regimes that Disarmed individuals who POSED A threat to the Safety of others." Thus For these and other Rulings, If one is not proven to be "Dangerous", then (+2) levels for existence of a Firearm or Ammunition and $922(g) Convictions today do not Qualify.

In "williams" (Id), the Court notes Us v Kanter 919 F3d 462's Ruling that only the "Virtuous and Law Abiding" Should be Lawful or unpunished for $922's sake, "williams" Just Like others Disagree pointing "the Law Abiding Citizen only theory fails," "Williams" notes "On Balance the 2nd Amendment" Plain text Presumptively Protects williams Conduct," Because "williams" was a "Dangerous"

(2)

Person who Committed Crimes Against persons such as Robberies, he was un-Able to Avail himself to Relief. Here, Justins NEVER Committed Dangerous and violent offenses and Qualities for Relief under "Bruen" and "Rahimi", Loading us to "3582"

The District Courts All over the U.S. today are empowered by 33582 and §1B1.13 to grant relief to Defendants who 1) Show a Compelling reason and 2) who are Not a Danger to the Communities or that when the §3553(a)'s factors Can be met or have been met with reduction. In 2023's U.S. Sent Comm. Promulgations the Chairman of the Commission Carlton W. Reeves Instructed that "For C.R.'s purposes a Disparity should be Considered Compelling" and that "A disparity is also shown when the Sentence Imposed is greater than the one Defendants would recieve Today" (Amendments 817-826). Justin presents a Disparity because the Departures and Conviction of §922(g) Do not apply today.

Under §1B1.13's (5) Section "Any other Reasons" the Courts have granted relief All over the U.S. and "Disparities" are used in every Court's Sentence under §3553(a) to be avoided. This is the Parsimony Provision Discussed in "Booker", "Rita, and Gall" Decisions. For Disparities In U.S. v Dewarren Lewis, 2024 US Dist Lexis 198430 He was given Relief for the use of firearms Under §924(c) Because of his Time Served, rehab and disparities. U.S v Alton May 2024 US Dist Lexis 195076 Disparities warranted Removal of the Career Offender. US v Gabriel Maltin 2025 US Dist Lexis 169378 Disparities and Stacked §924(c)'s and Lastly US v Johnson, 143 F4th 212(2025) Here, 3553(a)'s factors, Policy and Rulings Allow reduction

## III. Arguments and Claims.

In Pro-se filings the Supreme Courts and Countless others Demand this Motion Be Construed in light Most favorable to the Defendant and, that he be held to less Stringent standards than Trained professionals. Justins Presentation of Arguments will be in "Plain" Language and under the afore Mentioned standards and Case Authorities.

It's Presented to this Court today that his 3553a) factors no longer warrant Continued Incarceration Today. With Good Conduct Time Credit earned and the Term Imposed, Justins Sentence will be served (Projected), about June-July of 2027. Just over (1) year away. this is why Justin Request (1) year In Reduction or Immediate Release. this Decision will likely If granted be a Reduction of 6 to 9 Months only for his Change in Circumstances, which is Reasonable.

Justin was Convicted of §922(g) and as discussed earlier, today he would be eligible for Dismissal and Not Recieve. (+2) Levels for violation of §922 either. this shows a clear disparity in Sentences likely to be imposed today. Its also showing Justin has been Treated Differently then others and More Harshly in an un-warranted disparity. the Districts Consider this Compelling its self.

On the topic of Disparities Cases like united States v Brown in the 4th Cir. Have Appeals Rulings that Demand all Disparities be Corrected, Retro active or Not. Supreme Courts Rulings In Gall, Rita, and

Booker make Clear that §3553(a) Trumps all. policies are to be deviated from and are "Advisory" only and Curts are to go Downward In variances to Avoid disparities. (See "Galls" famous decis one)

As a Summary So long as §3553(a) permits a Reduction, a Disparity is Compelling. Justin presents:

1) Percent Served.
2) Disparity In the Sentence today
3) Disparity between others similar in Nature
4) Changes in Circumstances, and
5) §3553(a) Factors Have been achieved.
6) Low Recidivism. Scores

Justins Served over 75% of his Sentence, Reflected upon clear Disparities and Circumstances have changed. He argues that today his Term would be Two offense levels lower and that His term of Commitment has:

A) been Adequate In Terms of Deterence
B) Adequate Retribution For offense Conduct. (Just Sentence.)
C) Promoted Respect of the Law
D) Justin is not a Risk to Communities
E) Reductions Prevent unwarranted disparities

and more, these §3553.3(a) factors weigh Heavily on Justins Side to warrant Reduction.

Justin's SENTRY Classification has him as "Low" Risk of Violence and Recidivism. Under order of Congress §3624(g) the "Pattern" Score System was Created upon Empirical Data that evaluats a prisoners "Risk" to Recidivate and Communities. Justin Scores "Low." This Supports Reduction.

**IV** Summary - Request to the Government

Justins Lost Loved ones, Suffered harsh Terms of Confinement, Served a Just Sentence for his actions, Shown, acceptance of his Responsibility and He has a Lengthly Term of Imprisonment In a State offense for "theft", to Serve. Because Justin has an undischarged Term and all these forgoing Matters of Changes in Circumstances, He is Respectfully asking the government to agree with a small Reduction, $1/5^{th}$ of his Term.

Justins §3553 (a) factors Allow For a Release Here, as The Honorable George Hazel Said In united states v Faizon, "Liberty Is the norm and every moment of Incarceration Must be justified." He Believes Further Prison Terms exacerbate Disparities in Sentencing and He Prays this Court will Reduce allowing, Justin to Move forward in paying his debt to Society.

Wherefor he Prays this Honorable Court will grant all Deemed Just and proper.

Respectfully Submitted

X [signature]

Date 3-13-2026

(6)

COO-2ZOL

# INMATE REQUEST TO STAFF MEMBER RESPONSE

**NAME: DOWIE, Justin Eugene**
**REG. NO.: 48948-510**

---

This is in response to your Inmate Request to Staff Member in which you request consideration for a Reduction in Sentence (RIS) / Compassionate Release. Specifically, you wish to be considered due to extraordinary and compelling reasons.

Title 18 of the United States Code, section 3582(c)(1)(A), allows a sentencing court, on motion of the Director of the BOP, to reduce a term of imprisonment for extraordinary or compelling reasons. BOP Program Statement No. 5050.50, Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582(c)(1)(A) and 4205(g), provides guidance on the types of circumstances that present extraordinary or compelling reasons, such as the inmate's terminal medical condition; debilitated medical condition; status as a "new law" elderly inmate, an elderly inmate with medical conditions, or an "other elderly inmate"; the death or incapacitation of the family member caregiver of the inmate's child; or the incapacitation of the inmate's spouse or registered partner. Your request has been evaluated consistent with this general guidance.

Based upon the above information, your request for relief is denied.

If you are not satisfied with this response to your request, you may commence an appeal of this decision via the administrative remedy process by submitting your concerns on the appropriate form (BP-9) within 20 days of the receipt of this response.

Date: 3/11/2026

R. Brown, Warden

cc: Unit Team

JUSTIN DOWIE- 48948-510
Federal Correctional Institution Gilmer
PO Box 6000 Glenville WV. 26351

CHARLESTON WV 250

17 MAR 2026 AM 3   L

3.17.26
EB



XRAYED US MARSHALS SERVICE

⇔48948-510⇔
Federal Court House
111 7TH ST SE
Federal Court House
Cedar Rapids, IA 52401
United States

52401-210199